PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1999 Dodge Stratus struck a hole while claimant, Sharon Marie Tickle, was driving on Route 20 in Mercer County. Route 20 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:15 p.m. on Friday, November 26,2004. Route 20 is a two-lane, paved road with a yellow center line and white edge lines. The posted speed limit is thirty-five miles per hour. At the time of the incident, Ms. Tickle was returning from her father’s house after delivering Thanksgiving dinner to him. As she was driving on Route 20 at approximately thirty-five miles per hour, her vehicle struck a hole on the white edge line that was approximately one foot long and six inches wide. Claimant stated that she was aware that there were holes in the middle of the road, and she drove closer to the white edge line to avoid the holes. Since the hole was located on the white edge line, she was unable to avoid it. In addition, she did not see the hole before her vehicle struck it. Ms. Tickle testified that she travels on this road approximately once every month or two months. As a result of this incident, claimants’ vehicle sustained damage to its tire in the amount of $56.00 and rim in the amount of $292.95. Thus, claimants’ total damages amount to $348.95. Claimants’ insurance deductible at the time of the incident was $200.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 20. The respondent did not present any witnesses at the *134 hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $200.00.
Award of $200.00.